IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
FILED

JUL 25 2017

ARTHUR JOHNSTON
BY_____ DEPUTY

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | ) ) ) | |
| Plaintiff, | ) ) ) | CIVIL ACTION NO. 2:17cv126-KS-MTP |
| | ) ) | C O M P L A I N T |
| v. | ) ) ) | JURY TRIAL DEMAND |
| | ) ) | |
| WESLEY HEALTH SYSTEM, LLC d/b/a MERIT HEALTH WESLEY, f/k/a WESLEY MEDICAL CENTER and MERIT HEALTH | ) ) ) ) | |
| Defendant. | ) ) ) | |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990

("ADA"), as amended by the Americans with Disabilities Act Amendments Act of

2008, and Title I of the Civil Rights Act of 1991, against Defendant, Merit Health

System, LLC d/b/a Merit Health Wesley ("Defendant"). All references herein to

the ADA include the Americans with Disabilities Act Amendments Act of 2008.

This action is brought to correct unlawful employment practices on the basis of

disability and to provide appropriate relief to Lois J. Cooper ("Cooper" or

"Charging Party") who was adversely affected by such practices.  As alleged with

1

greater particularity below, the United States Equal Employment Opportunity Commission ("EEOC" or the "Commission") alleges Defendant refused to provide Cooper with a reasonable accommodation of her disability and discharged her on the basis of her disability in violation of ADA provisions 42 U.S.C. §§ 12112(a), 12112(b)(5)(A) and 12112(b)(5)(B).

## JURISDICTION AND VENUE

1.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.§ 2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.    The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Mississippi.

## PARTIES

3.    Plaintiff, the United States Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) and Section 503(c) of

the ADA, 42 U.S.C. § 12117(a) and § 12203(c), which incorporates by reference

Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.     At all relevant times, Defendant has continuously been a Delaware

limited liability company doing business in the State of Mississippi, in the City of

Hattiesburg, and has continuously had at least 15 employees.

5.     At all relevant times, Defendant has continuously been an employer

engaged in an industry affecting commerce within the meaning of Section 101(5)

of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. §

12111(7), which incorporate by reference Sections 701(g) and (h) of Title VII, 42

U.S.C. §§ 2000e(g) and (h).

6.     At all relevant times, Defendant has been a covered entity within the

meaning of Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

7.     More than thirty days prior to the institution of this lawsuit, Cooper

filed a charge with the Commission alleging violations of Title I of the ADA by

Defendant.

8.     On July 29, 2016, the Commission issued to Defendant a Letter of

Determination finding reasonable cause to believe that the ADA was violated and

inviting Defendant to join with the Commission in informal methods of

3

conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9.     On May 2, 2017, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10.     All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

11.     Since at least July 15, 2014, Defendant engaged in unlawful employment practices at its Hattiesburg, Mississippi medical facility by subjecting Cooper to discrimination on the basis of disability, in violation of Sections 102(a), (b)(5)(A), and (b)(5)(B) of the ADA, 42 U.S.C. §§ 12112(a), (b)(5)(A) and (b)(5)(B).

a.     Cooper was employed by Defendant as a Registered Nurse ("RN") in Defendant's Transitional Care Unit (TCU) from on or about April 22, 2012 until Defendant terminated her employment on or about July 15, 2014.

b.     At all times relevant to the events alleged in this complaint, Cooper was a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8) who, with or without an accommodation, could perform the essential functions of the job of RN for Defendant in its TCU.

4

c.     At all times relevant to the events alleged in this complaint, Cooper
had an arm and shoulder impairment that substantially limited one or more major
life activities and/or Defendant regarded Cooper as having a disability by
discharging her because of an actual or perceived impairment.

d.     Cooper's arm and shoulder impairment was known to Defendant.
Defendant refused to engage in the interactive process with Cooper, failed to
reasonably accommodate her known limitations, and terminated her.

e.     Cooper's disability caused her to request a leave of absence, which
was approved by Defendant, from April 4, 2014 to July 16, 2014.

f.     After seeing her doctor on July 15, 2014, Cooper returned to work and
presented Defendant with a release from her doctor, which cleared her to return to
full duty.

g.     The release also noted that she would require assistance moving
patients and other heavy or awkward lifting until she completely regained her
strength over the next year.

h.     On the same date, Cooper met with Defendant's Human Resources
Director and Administrator.  Defendant's Administrator insisted that Cooper could
not perform her job duties as RN in the TCU since she could not lift a patient on
her own.

i.     In practice, RNs working in the TCU were not required to lift or move patients on their own; rather, Defendant's procedure required RNs to work in pairs to lift or to move a patient.

j.     Defendant failed to engage in the interactive process, did not offer to make any accommodation to Cooper's known physical limitations, refused to allow Cooper to resume working as an RN in the TCU, and effectively terminated Cooper on July 15, 2014.

k.     Shortly after her meeting with the Human Resources Director and Administrator, Cooper applied for an open RN position in Defendant's Veteran Clinic, for which she was qualified and which did not require any heavy or awkward lifting.  Defendant, however, failed to select Cooper for the open position but selected another candidate instead.

12.    The effect of the practices complained of in Paragraph 11 (including subparts a through k) has been to deprive Cooper of equal employment opportunities and otherwise adversely affect her status as an employee because of her disability.

13.    The unlawful employment practices complained of in Paragraph 11 (including subparts a through k) were intentional.

6

14. The unlawful employment practices complained of in Paragraph 11 (including subparts a through k) were done with malice or with reckless indifference to the federally protected rights of Cooper.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

a.    Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from failing to reasonably accommodate disabled employees and from discharging employees because they are disabled.

b.    Order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

c.    Order Defendant to make whole Cooper by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

d.    Order Defendant to make Cooper whole by providing compensation for any past and future pecuniary losses, including medical expenses and job search expenses, if any, resulting from the unlawful employment practices

7

described in Paragraph 11 (including subparts a through k) above, in amounts to be determined at trial.

      e.      Order Defendant to make Cooper whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices described in Paragraph 11 (including subparts a through l) above including, but not limited to, emotional pain and suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

      f.      Order Defendant to pay Cooper punitive damages for its malicious and reckless conduct, in amounts to be determined at trial.

      g.      Order Defendant to provide Cooper appropriate equitable relief, in the form of reinstatement and/or an appropriate award of front pay.

      h.      Grant such further relief as the Court deems necessary and proper in the public interest.

      i.      Award the Commission its costs in this action.

## **JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by its Complaint.

                                    JAMES L. LEE
                                    Deputy General Counsel

                                    GWENDOLYN YOUNG REAMS
                                    Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
131 M Street, NE
Washington, DC 20507


*Marsha Lynn Rucker*
Marsha Lynn Rucker (PA 90041)
Regional Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Birmingham District Office
Ridge Park Place, Suite 2000
1130 22nd Street South
Birmingham, Alabama 35205
Tel.: (205) 212-2046
Fax: (205) 212-2041
marsha.rucker@eeoc.gov

9