IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,                                                                    PLAINTIFF

v.                                    CIVIL ACTION NO. 2:17-CV-126-KS-MTP

WESLEY HEALTH SYSTEM, LLC                                                      DEFENDANT

## MEMORANDUM OPINION AND ORDER

The Court previously discussed the facts of this case. *See* Memorandum Opinion and Order, *EEOC v. Wesley Health Sys., LLC*, No. 2:17-CV-126-KS-MTP (S.D. Miss. Nov. 14, 2018), ECF No. 97. Defendant filed a Motion to Exclude [75] the testimony of Plaintiff's vocational expert, Trey Moseley. For the reasons provided below, the Court **denies** the motion.

Federal Rule of Evidence 702 provides:

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

> (a)  the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b)  the testimony is based on sufficient facts or data;
>
> (c)  the testimony is the product of reliable principles and methods; and
>
> (d)  the expert has reliably applied the principles and methods to the facts of the case.

FED. R. EVID. 702. Therefore, "when expert testimony is offered, the trial judge must perform a screening function to ensure that the expert's opinion is reliable and relevant to the facts at issue in the case." *Watkins v. Telsmith, Inc.*, 121 F.3d 984, 988-89 (5th Cir. 1997). In *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993), the Supreme Court provided a nonexclusive list of "general observations intended to guide a district court's evaluation of scientific evidence . . . ." *Id.* at 989.

> Not every guidepost outlined in *Daubert* will necessarily apply to expert testimony [in every case], but the district court's preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue is no less important.

*Id.* at 990-91.

Expert testimony must be supported by "more than subjective belief or unsupported speculation." *Paz v. Brush Engineered Materials, Inc.*, 555 F.3d 383, 388 (5th Cir. 2009). It "must be reliable at each and every step or it is inadmissible. The reliability analysis applies to all aspects of an expert's testimony: the methodology, the facts underlying the expert's opinion, the link between the facts and the conclusion, *et alia*." *Seaman v. Seacor Marine LLC*, 326 F. App'x 721, 725 (5th Cir. 2009). "Overall, the trial court must strive to ensure that the expert, whether basing testimony on professional studies or personal experience, employs in the courthouse the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *United States v. Valencia*, 600 F.3d 389, 424 (5th Cir. 2010).

The Court's role as gatekeeper is not meant to supplant the adversary system because "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 596. While the Court should focus solely on the proposed expert's "principles and methodology, not on the conclusions they generate," *id.* at 595, "nothing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence which is connected to existing data only by the *ipse dixit* of the expert." *GE v. Joiner*, 522 U.S. 136, 146, 118 S. Ct. 512, 139 L. Ed. 2d 508 (1997)).

In summary, the proponent of expert testimony must demonstrate that the proposed expert is qualified as an expert, that the testimony is reliable, and that it is relevant to a question of fact before the jury. *United States v. Hicks*, 389 F.3d 514, 525 (5th Cir. 2004). The proponent must prove these requirements by a preponderance of the evidence. *United States v. Fullwood*, 342 F.3d 409, 412 (5th Cir. 2003).

*A.    Relevance*

First, Defendant argues that Moseley can not provide opinions as to 1) whether it failed to reasonably accommodate Cooper, 2) whether receiving assistance from coworkers was a reasonable accommodation, or 3) whether receiving assistance from coworkers would create an undue hardship on it. Defendant contends that these are legal questions and, therefore, inappropriate topics for an expert to address.

Expert testimony which offers a legal opinion is inadmissible, *Estate of Sowell*

*v. United States*, 198 F.3d 169, 171 (5th Cir. 1999), as such testimony does not "help the trier of fact to understand the evidence or to determine a fact in issue . . . ." FED. R. EVID. 702(a). But "[w]hether an accommodation is reasonable is a question of fact." *Antoine v. First Student, Inc.*, 713 F.3d 824, 831 (5th Cir. 2013); *see also Alford v. Teleplex, Inc.*, 95 F.3d 48, 1996 WL 405767, at *2 (5th Cir. 1996); *Brennan v. Stewart*, 834 F.2d 1248, 1262 (5th Cir. 1988). Likewise, whether an accommodation poses an "undue hardship" for an employer is a question of fact. *See EEOC v. Universal Mfg. Corp.*, 914 F.2d 71, 74 (5th Cir. 1990); *Turpen v. Missouri-Kansas-Texas R. Co.*, 736 F.2d 1022, 1026 (5th Cir. 1984). Therefore, whether an accommodation is reasonable, and whether it poses an undue hardship for an employer are questions for the jury. Accordingly, they are appropriate topics for expert testimony.

### B.  *Qualifications*

Next, Defendant argues that Moseley is not qualified to provide an opinion as to 1) whether it failed to reasonably accommodate Cooper, 2) whether receiving assistance from coworkers would be an unreasonable accommodation, and 3) whether receiving assistance from coworkers would create an undue hardship on it. Defendant contends that Moseley is not qualified to testify on these issues because they are legal questions and he is not an attorney. As noted above, these are factual questions – not legal questions. Therefore, Moseley's lack of specialized legal knowledge, experience, or training is irrelevant.

### C.  *Reliability*

Finally, Defendant argues that Moseley's opinions are unreliable because they are not based on sufficient facts or a reliable methodology. First, Defendant argues that Moseley has insufficient facts to support his opinions. Among other things, Defendant notes that 1) Moseley did not speak to any of its employees besides Cooper; 2) he has never viewed photos or video of its TCU; 3) he has never viewed photos or video of nurses working in a TCU, its own or otherwise; 4) he has never spoken with directors or administrators of a TCU, its own or otherwise; 5) he does not know the condition of patients in its TCU; and 6) he has no knowledge of the staffing patterns in its TCU. Defendant also contends that Moseley neglected to ask Cooper key questions about her job duties, such as what tasks she performed as an RN in the TCU, how much time she spent lifting fifty pounds or more, how often patients called for assistance, how frequently she assisted patients in going to the restroom, or how much the patients weighed.

Rule 702 specifically requires that an expert's testimony be based upon sufficient facts or data. FED. R. EVID. 702(b). Phrased differently, proposed expert testimony "must be supported by appropriate validation – i.e., good grounds, based on what is known." *Daubert*, 509 U.S. at 590 (punctuation omitted). Therefore, "[w]here an expert's opinion is based on insufficient information, the analysis is unreliable." *Paz*, 555 F.3d at 388. "Although the *Daubert* reliability analysis is flexible and the proponent of expert testimony need not satisfy every one of its factors, the existence of sufficient facts is . . . in all instances mandatory." *Moore*, 547 F. App'x at 515. But "[v]igorous cross-examination, presentation of contrary evidence, and careful

instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. 596.

Moseley's testimony is not wholly unsupported. In preparing his report, he relied on a telephonic interview of Cooper, her job description, Defendant's employee handbook and orientation materials, the Dictionary of Occupational Titles published by the Department of Labor, an interview with the former administrator of a nursing home, Cooper's medical records and FMLA documentation, and his experience in vocational rehabilitation. Moseley certainly could have been more thorough in his research, as Defendant demonstrated in briefing. But he consulted relevant sources of information in forming his opinions. Accordingly, Defendant's criticisms go to the weight of his testimony, rather than its admissibility. *Id.*

Defendant also argues that the Court must exclude Moseley's opinions because they are only based on two anecdotal accounts of RN duties. This is not an accurate assessment of Moseley's testimony. As noted, he also based his opinions on an interview with Cooper, Defendant's own job description and orientation materials, and Department of Labor publications. Again, Moseley's testimony is not unassailable. Indeed, Defendant highlighted several key shortcomings of his research. However, his opinions are not without factual support. Accordingly, they are admissible, and Defendant is free to attack them via "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof . . . ." *Id.*

Finally, Defendant argues that Moseley employed no methodology to confirm that his anecdotal accounts of RN duties were comparable to Cooper's duties in

Defendant's TCU. This is not a case involving scientific evidence. Vocational and occupational rehabilitation, as a field, is not subject to the same type of rigorous testing and review that the hard sciences are. Defendant contends that Moseley did not gather sufficient information to know whether its TCU is comparable to the facility of the nursing home administrator he interviewed. Defendant may be right on that point. But it does not render Moseley's testimony inadmissible, for the same reasons provided above. Moseley's methodology was simple – perhaps so simple that it is subject to attack at trial. But he had a method, and he has some information to support his opinions. That is enough to satisfy Rule 702.

For the reasons provided above, the Court **denies** Defendant's Motion to Exclude [75] the testimony of Trey Moseley.

SO ORDERED AND ADJUDGED this 19th day of November, 2018.

                                    /s/ Keith Starrett
                                    KEITH STARRETT
                                    UNITED STATES DISTRICT JUDGE