## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## EASTERN DIVISION

**EQUAL EMPLOYMENT OPPORTUNITY**
**COMMISSION,**                                          **PLAINTIFF**

**v.**                          **CIVIL ACTION NO. 2:17-CV-126-KS-MTP**

**WESLEY HEALTH SYSTEM, LLC**                          **DEFENDANT**

<u>ORDER</u>

Defendant filed a Motion in Limine [101] to exclude all opinions and testimony of Plaintiff's expert, Trey Moseley, that were not disclosed during discovery. Defendant anticipates that Plaintiff will attempt to elicit testimony from Moseley on several topics that were not disclosed in Moseley's designation, expert report, or deposition, because they were mentioned in Plaintiff's brief in response to Defendant's *Daubert* motion. In response, Plaintiff contends that the disputed testimony was disclosed during discovery

Rule 26 provides that "a party must disclose to the other parties the identity of any witness it may use at trial to present" expert testimony. FED. R. CIV. P. 26(a)(2)(A). "Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report – prepared and signed by the witness – if the witness is one retained or specially employed to provide expert testimony in the case . . . ." FED. R. CIV. P. 26(a)(2)(B). The report must contain:

    (i)    a complete statement of all opinions the witness will express and the basis and reasons for them;

    (ii)    the facts or data considered by the witness in forming them;

(iii)    any exhibits that will be used to summarize or support them;

(iv)    the witness's qualifications, including a list of all publications authored in the previous 10 years;

(v)    a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

(vi)    a statement of the compensation to be paid for the study and testimony in the case.

FED. R. CIV. P. 26(a)(2)(B). "A party must make these disclosures at the times and in the sequence that the court orders." FED. R. CIV. P. 26(a)(2)(D). This Court's local rules provide that a "party must make full and complete disclosure as required by FED. R. CIV. P. 26(a) and L.U.Civ.R.26(a)(2)(D) no later than the time specified in the case management order." L.U.Civ.R. 26(a)(2).

"The parties must supplement these disclosures when required under Rule 26(e)." FED. R. CIV. P. 26(a)(2)(E). "[A] party is required to supplement its expert disclosures if the court so orders or if 'the party learns that in some material respect the information disclosed is incomplete or incorrect and if the additional and corrective information has not otherwise been made known to the other parties during the discovery process or in writing." *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co.*, 73 F.3d 546, 570 n. 42 (5th Cir. 1996) (quoting FED. R. CIV. P. 26(e)(1)). "[T]he party's duty to supplement extends both to information included in the report and to information given during the expert's deposition. Any additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due." FED. R. CIV. P. 26(e)(2). While Rule 26(a)(3) provides that pretrial

disclosures must be made at least thirty days before trial, it adds the following caveat: "[u]nless the court orders otherwise . . . ." FED. R. CIV. P. 26(a)(3). Local Rule 26 provides that a "party is under a duty to supplement disclosures at appropriate intervals under FED. R. CIV. P. 26(e) and in no event later than the discovery deadline established by the case management order." L.U.Civ.R. 26(a)(5).

Plaintiff's deadline to designate experts was April 2, 2018. If Plaintiff intended to supplement its experts' reports, the supplements were due by the discovery deadline of August 16, 2018. However, Plaintiff had no duty to supplement if the opinions or information were otherwise made known to Defendant during the discovery process. FED. R. CIV. P. 26(e). Therefore, the Court must examine each disputed area of testimony and determine whether it was disclosed in Plaintiff's designation, Moseley's expert report, or during his deposition.

## A.    *Standard Business Practices*

First, Defendant argues that Plaintiff did not disclose that Moseley would provide testimony regarding "the standard business practices typically implemented to facilitate the interactive process through which employees can make ADA requests." In response, Plaintiff argues that this area was covered in Moseley's supplemental expert report. *See* Exhibit C to Response, *EEOC v. Wesley Health Sys., LLC*, No. 2:17-CV-126-KS-MTP (S.D. Miss. Sept. 28, 2018), ECF No. 84-3. According to Plaintiff, Moseley addressed this issue by reciting the Department of Labor's definition of a reasonable accommodation. But the paragraph in question does not address the interactive process, standard business practices, or ADA requests.

3

Next, Plaintiff argues that Moseley provided his opinions on these matters during his deposition, but the testimony highlighted by Plaintiff concerns training Moseley has received. *See* Exhibit B to Response at 29-30, *EEOC v. Wesley Health Sys., LLC*, No. 2:17-CV-126-KS-MTP (S.D. Miss. Sept. 28, 2018), ECF No. 84-2. He did not mention the interactive process, ADA requests, or the standard business practices concerning such.

Therefore, Plaintiff has not shown that it disclosed Moseley's opinions on such matters to Defendant. Accordingly, the Court finds that Plaintiff did not comply with its disclosure requirements with regard to Moseley's opinions regarding "the standard business practices typically implemented to facilitate the interactive process through which employees can make ADA requests."

## B. *Treatises and EEOC Guidance*

Next, Defendant argues that Plaintiff did not disclose Moseley's opinions related to "the leading treatises and related EEOC guidance upon which employers and experts generally rely." In response, Plaintiff argues that Moseley listed the EEOC guidance and treatises he relied on in forming his opinions. Plaintiff is correct in that Moseley listed numerous publications as references in his expert report. Exhibit C [84-3], at 9. He also cited some publications during his deposition. Exhibit B [84-2], at 37-38. Therefore, he may refer to these publications at trial and cite them as support for his opinions. However, to the extent Moseley intends to refer to any additional publications or treatises, Plaintiff did not comply with its disclosure requirements.

## C. *Typical Considerations*

Defendant argues that Plaintiff did not disclose Moseley's opinions regarding "the typical considerations that experts and employers use to determine whether a requested accommodation is reasonable or would pose a direct threat in a given workplace." In response, Plaintiff argues that Moseley addressed this topic in his supplemental expert report by reciting the Department of Labor's definition of a reasonable accommodation. Exhibit C [84-3], at 2. Plaintiff also notes that during Moseley's deposition, he cited his own "knowledge of what RN's do and the job description provided in the Dictionary of Occupational Titles," as well as Cooper's own assessment of her lifting ability. Exhibit B [84-2], at 86.

Plaintiff disclosed Moseley's own considerations in determining whether a requested accommodation is reasonable, but it did not disclose a set of criteria that experts and employers generally consider – an industry standard, in other words. Moreover, Moseley never discussed how experts and employers determine whether an accommodation poses a threat in a particular workplace. Therefore, Moseley may refer to his own considerations and cite them as support for his opinions, but, to the extent Moseley contends that these are "the typical considerations that experts and employers use," the Court finds that Plaintiff did not comply with its disclosure requirements. Likewise, the Court finds that Plaintiff did not disclose Moseley's opinions as to how experts and employers determine whether a requested accommodation poses a threat in the workplace.

### D.    *Case-Specific Factors*

Defendant argues that Plaintiff did not disclose Moseley's opinions regarding

"the range of case-specific factors used to determine whether an accommodation constitutes an undue hardship." Defendant also argues that any testimony on this topic would be irrelevant because it did not assert undue hardship as an affirmative defense.

Defendant is correct. "Undue hardship" is an affirmative defense on which Defendant would bear the burden of proof. *Johnson v. Gambrinus Company / Spoetzl Brewery*, 116 F.3d 1052, 1058 (5th Cir. 1997); *Riel v. Electronic Data Sys. Corp.*, 99 F.3d 678, 684 (5th Cir. 1996). But Defendant did not assert "undue hardship" as an affirmative defense. Therefore, any evidence on this topic is irrelevant to the issues for trial.[1]

## E.  General Practices

Defendant argues that Plaintiff did not disclose Moseley's opinion regarding "the working conditions, physical requirements, and level of exertion generally practiced by RN's in dealing with less mobile patients." In response, Plaintiff contends that Moseley's report included information regarding the manner in which RN's lift less mobile patients with assistance of other staff or lifting devices, Cooper's vocational classification in the Dictionary of Occupational Titles, and the use of the buddy system or mechanical lifting devices at Defendant's facility. Defendant does not deny that Moseley's report and deposition testimony include information and opinions on these

---

[1]Defendant first made this argument in reply, and the Court generally does not address arguments first made in reply. *Wallace v. County of Comal*, 400 F.3d 284, 292 (5th Cir. 2005). But the Court assumes that Plaintiff does not object to the Court preventing Defendant from now asserting an affirmative defense that was not pleaded. Regardless, if Plaintiff believes that this topic is relevant to an issue for trial, it is free to raise the issue again at trial.

specific areas of interest concerning Cooper's practices at Wesley. Rather, Defendant argues that Moseley did not address general practices in dealing with less mobile patients.

The Court agrees with Defendant. Moseley cited information provided to him concerning practices at Defendant's TCU, Cooper's typical practice, and even some practices at a nursing home and different hospital. But he did not provide any opinions regarding "the working conditions, physical requirements, and level of exertion generally practiced by RN's in dealing with less mobile patients." In other words, he did not provide any generalized opinions as to best practices in these areas across the industry.

## F.     Buddy System

Finally, Defendant argues that Plaintiff did not disclose Moseley's opinion regarding "the practical pros and cons of using the buddy system to lift patients." In response, Plaintiff contends that Moseley discussed the use of the buddy system and mechanical lifting devices in Defendant's facility in his report. Plaintiff also notes that Moseley noted that a friend of his who is an administrator of a nursing home said that RN's "utilized team lifting . . . ." Exhibit B [84-2], at 62-63. Moseley also asked Cooper about how much and how she lifted patients in Defendant's facility. *Id.* at 86-87.

Moseley may have cited information about the buddy system's use in Defendant's facility, but Plaintiff has not directed the Court to his opinions about "the practical pros and cons of using the buddy system to lift patients." The Court agrees with Defendant. Plaintiff did not disclose any opinion testimony from Moseley on this

topic.

## G.    *Rule 37*

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1); *see also* L.U.Civ.R. 26(a)(2). When determining whether to exclude an expert's testimony for a party's failure to properly disclose it, the Court considers the following factors:

(1)    the importance of the witnesses' testimony;

(2)    the prejudice to the opposing party of allowing the witnesses to testify;

(3)    the possibility of curing such prejudice by a continuance; and

(4)    the explanation, if any, for the party's failure to comply with the discovery order.

*Sierra Club*, 73 F.3d at 572 (citing *Bradley v. United States*, 866 F.2d 120, 125 (5th Cir. 1989)); *see also Reliance Ins. Co. v. La. Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997) (citing *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990)).

For the purpose of addressing the current motion, the Court will assume that these are important topics.[2] But Plaintiff has not provided any legitimate explanation for why it failed to disclose Moseley's opinions on these issues. In fact, it appears that

---

[2] One topic – the range of case-specific factors used to determine whether an accommodation constitutes an undue hardship – is not important because it is not relevant to this case.

Plaintiff is trying to fix problems with Moseley's testimony that were highlighted in Defendant's *Daubert* motion, which is not a legitimate explanation for its failure to timely supplement its disclosures.

It would be quite prejudicial to Defendant for the Court to permit Moseley to provide opinions at trial that have never been disclosed. In fact, Defendant still does not know what Moseley's opinions are on these topics. Plaintiff cites the sources of information Moseley consulted in forming his opinions, but Plaintiff has not directed the Court to the opinions themselves. Defendant is not required to infer Moseley's opinions from the information provided in his report and during his deposition.

There is not sufficient time to cure the prejudice to Defendant. To cure the prejudice, the Court would have to permit Defendant to re-depose Moseley. The Court would also have to permit Defendant to designate rebuttal experts or, at the very least, supplement its current designations. The Court will not reopen discovery to that extent on the eve of the final pretrial conference. Moreover, the Court's calendar has changed insofar as the criminal case that was previously scheduled for trial in January and February of 2019 has been continued.

## H.    *Conclusion*

For these reasons, the Court concludes that Plaintiff will not be permitted to introduce any of the opinion testimony discussed above that was not timely disclosed to Defendant. The Court **grants in part and denies in part** Defendant's Motion in Limine [101] regarding the expert testimony of Trey Moseley. Specifically:

- •    Moseley may not provide any testimony or opinions regarding "the

standard business practices typically implemented to facilitate the interactive process through which employees can make ADA requests."

·   Moseley may refer to and cite the publications, guidances, and treatises listed in his report and mentioned during his deposition, but he may not refer to any additional publications, guidances, or treatises.

·   Moseley may not provide any testimony regarding "the typical considerations that experts and employers use to determine whether a requested accommodation is reasonable or would pose a direct threat in a given workplace." Likewise, he may not provide any opinions regarding whether a requested accommodation poses a threat in the workplace, and how one determines such a threat. But Moseley may refer to his own considerations in determining whether an accommodation is reasonable and cite them as support for his opinions.

·   Moseley may not provide any opinion or testimony regarding "the range of case-specific factors used to determine whether an accommodation constitutes an undue hardship" because it is not relevant to any issue before the jury.

·   Moseley may not provide any opinion or testimony regarding "the working conditions, physical requirements, and level of exertion generally practiced by RN's in dealing with less mobile patients."

·   Moseley may not provide any opinion or testimony regarding "the practical pros and cons of using the buddy system to lift patients."

SO ORDERED AND ADJUDGED this 12th day of December, 2018.


                              /s/   Keith Starrett
                              KEITH STARRETT
                              UNITED STATES DISTRICT JUDGE